UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-cr-00031-TWP-VTW |
| ) | |
| MIGUEL MOMPIE (07), ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION IN LIMINE**

This matter is before the Court on Defendant Miguel Mompie's ("Mompie") Motion in *Limine* to exclude certain evidence and testimony at trial ([Filing No. 569](Filing No. 569)).  Mompie is charged with violating 18 U.S.C. § 659 (possession of goods stolen from interstate commerce), 18 U.S.C. § 2314 (interstate transportation of stolen property), and 18 U.S.C. § 371 (conspiracy to possess goods valued in excess of $1,000.00 stolen from interstate shipments).  A jury trial is scheduled to begin on January 30, 2017.  Mompie asks the Court to exclude evidence regarding the common *modus operandi* of cargo theft rings and evidence regarding uncharged and unrelated alleged criminal conduct of Mompie. Plaintiff United States of America (the "Government") filed a response in opposition to the Motion in *Limine*. For the following reasons, Mompie's Motion in *Limine* is **granted in part and denied in part**.

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that

all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

Mompie argues that the Government should not be permitted to offer at trial any testimony or evidence regarding the common *modus operandi* of cargo theft rings in the Louisville, Kentucky area or throughout the country as well as the common *modus operandi* of particular ethic groups operating cargo theft rings. Mompie asserts that the admission of such testimony is irrelevant to the jury's determination of Mompie's guilt and thus should be excluded pursuant to Federal Rule of Evidence 401. Without explanation or analysis, Mompie also asserts that "[e]ven if relevant, said testimony's probative value is substantially outweighed by the danger of undue prejudice and potentially misleading the jury. FRE 403." ([Filing No. 569 at 2](#).)

The Government responds that Mompie failed to cite any authority supporting his claim that common *modus operandi* evidence is irrelevant, unduly prejudicial, or potentially misleading. The Government asserts that Mompie did not cite any supporting authority because there is none. The Government relies on *United States v. Long* and asserts that "experts may testify regarding the modus operandi of a certain category of criminals where those criminals' behavior is not ordinarily familiar to the average layperson, as in the case of the modus operandi of persons involved in illegal drug trafficking or prostitution." *United States v. Long*, 328 F.3d 655, 666 (D.C. Cir. 2003). The Government explains that the Seventh Circuit "has recognized the value of expert testimony in explaining a complicated criminal methodology that may look innocent on the surface but is not as innocent as it appears. Such modus operandi evidence has proved useful in drug trafficking cases." *United States v. Romero*, 189 F.3d 576, 584 (7th Cir. 1999). Finally, the Government asserts, "Another valid purpose for this evidence is to explain how the criminal

enterprise developed, how the conspiracy operates and to assist the jury in understanding the relationship of trust between the coconspirators." (Filing No. 574 at 2.)

The Government's argument is well-taken that common *modus operandi* evidence is relevant, helpful to the jury, and not unduly prejudicial. The Government's cited legal authority further supports its argument for allowing the evidence. Because of the high standard for excluding evidence on a motion in *limine* (*i.e.* the evidence clearly is not admissible for any purpose), the Court **DENIES** Mompie's Motion to exclude evidence regarding the common *modus operandi* of cargo theft rings.

Next, Mompie asks the Court to exclude evidence regarding uncharged and unrelated alleged criminal conduct of Mompie. He notes that the Government recently disclosed a report of cooperating co-defendant Ritzy Robert Montaner ("Montaner"), who told Government interviewers that Mompie and co-defendant Orlis Machado "at one time had been involved in selling drugs together," and that Mompie "regularly talked about how he and Machado were involved in stealing loads" and they "had stolen a binocular and spotting scope load." (Filing No. 569 at 2.)

Mompie explains that Federal Rule of Evidence 404(b) prohibits the admission of evidence of a crime, wrong, or other act to show that on a particular occasion the person acted in accordance with the particular character trait. Mompie asserts that the statements of the cooperating co-defendant should be excluded from introduction at trial because they have no purpose other than to show that Mompie is a person of bad character or to allege specific criminal activity for which Mompie is not currently charged.

The Government responds that it does not intend to elicit from Montaner any testimony about specific acts of criminal conduct by Mompie not charged in the Second Superseding

Indictment during its case in chief.  However, the Government asserts, statements made by Mompie in Montaner's presence in which Mompie admits his overall participation in the cargo theft conspiracy do not violate the restrictions of Rule 404(b) and are admissible.

Rule 404(b)(2) allows for "permitted uses" of evidence of a crime, wrong, or other act "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Montaner's statement that Mompie "at one time had been involved in selling drugs" does not fit into the categories of "permitted uses" under Rule 404(b)(2) and does not appear to be relevant to the charges of possession of goods stolen from interstate commerce, interstate transportation of stolen property, and conspiracy. Therefore, the Court **GRANTS** Mompie's Motion to exclude Montaner's statement that Mompie "at one time had been involved in selling drugs."

Montaner's statement that Mompie "regularly talked about how he and Machado were involved in stealing loads," and they "had stolen a binocular and spotting scope load," may fit into the categories of "permitted uses" under Rule 404(b)(2) and appears to be relevant to the charges pending herein. Therefore, the Court **DENIES** Mompie's Motion to exclude these statements from Montaner.

An order in *limine* is not a final, appealable order. If the Government or Mompie believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may approach the bench and request a hearing outside the presence of the jury. For the foregoing reasons, the Court **grants in part and denies in part** Mompie's Motion in *Limine* ([Filing No. 569](#)). The Government may not elicit testimony from Montaner that Mompie "at one time had been involved in selling drugs." In all other respects, Mompie's Motion in *Limine* is denied.

**SO ORDERED.**

Date: 1/9/2017

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Larry D. Simon
SIMON LAW OFFICE
jan@hcslegal.com

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
james.warden2@usdoj.gov

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE
matthew.rinka@usdoj.gov